**RI FU YANG, Petitioners,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

**No. 05–0142–AG(L).**

United States Court of Appeals, Second Circuit.

May 25, 2006.

Sunit K. Joshi, Joshi & Associates, PC, New York, New York, for Petitioner.

Peter Keisler, Assistant Attorney General, Civil Division, Thomas E. Johnston, United States Attorney, Daniel W. Dickinson, Jr., Assistant United States Attorney, Wheeling, West Virginia, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of the consolidated petitions for review from the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Ri Fu Yang, a native and citizen of China, filed a petition for review of a BIA decision affirming Immigration Judge ("IJ") Barbara Nelson's denial of asylum, withholding of removal, and CAT relief. Yang also petitions for review of the March 2005 decision of the BIA denying his motion to reconsider its underlying affirmance of the IJ's decision. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida-Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

In the instant case, the IJ noted several problems with Yang's testimony, written applications, and documents evidence, which he failed to adequately explain. In particular: (1) Yang failed to mention his wife's miscarriage, forcible IUD insertion and private IUD removal, in his first asylum application; (2) Yang stated in his initial application that he was notified about his wife's sterilization while in confinement, yet at the hearing he testified that he did not know about the sterilization until he was released from confinement; and (3) Yang testified that he was not beaten in detention at the police station,

yet his wife's letter states that he was beaten. Yang's explanations for these inconsistencies would not compel a reasonable fact-finder to credit them. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). As a result, substantial evidence supports the IJ's determination that there is overwhelming evidence of Yang's lack of credibility.

Yang's only challenge to the BIA's denial of his motion to reconsider is that its underlying affirmance of the IJ's decision to deny him relief under CAT amounted to an abuse of discretion. Yang's claim must fail. In his appeal to the BIA, Yang failed to make any substantial argument with regard to the IJ's denial of his CAT claim. Yang's only mention of CAT is a conclusory sentence in the last line of his brief. A petitioner must raise issues to the agency in order to preserve them for judicial review. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006); 8 U.S.C. § 1252(d)(1). Moreover, the BIA did not err in offering as a basis for its decision, the IJ's denial of CAT relief when the issue was not meaningfully presented to it.

For the foregoing reasons, the consolidated petitions for review are DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).